**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| INCYTE CORPORATION and INCYTE HOLDINGS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC.,<br><br>Defendants. | Civil Action No. 24-6944 (JXN) (JBC)<br><br>JOINT DISCOVERY PLAN |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26.1(b), Local Patent Rule 2.1 and the Court's Rule 16.1 Order dated September 11, 2024 (ECF No. 77), Incyte Corporation and Incyte Holdings Corporation (collectively, "Incyte" or "Plaintiffs") and Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. (collectively, "Sun" or "Defendants") have met and conferred pursuant to Fed. R. Civ. P. 26(f), and submit the following Joint Discovery Plan,[1] including a proposed case schedule in advance of the initial scheduling conference to be held telephonically before the Honorable James B. Clark, III, U.S.M.J., on November 20, 2024 at 10:00 AM.

**1.     Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.**

Plaintiffs instituted the above-captioned action against Sun under 35 U.S.C. §§ 2201, 2202, and the patent laws of the United States, Title 35, United States Code, for alleged infringement of United States Patent No. 9,662,335 ("the '335 Patent" or "the patent-in-suit"). Incyte purports to lawfully own all right, title, and interest in the '335 Patent, including the right to sue and to recover

---

[1] The deadline to submit a Joint Discovery Plan was extended to November 18, 2024 (ECF No. 145).

1

for infringement thereof. The '335 Patent generally relates to heteroaryl substituted pyrrolo[2,3-b]pyridines and heteroaryl substituted pyrrolo[2,3-b]pyrimidines that modulate the activity of Janus kinases.

This action is based on Sun's submission of a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA").  Sun obtained approval from the FDA on July 25, 2024, to launch and sell its deuterated ruxolitinib ("deuruxolitinib") product, Leqselvi™. Its imminent commercial market launch and pre-launch activities in support of an imminent commercial market launch before the expiration of the patent-in-suit have been preliminarily enjoined and restrained until further order by this Court (ECF Nos. 135, 136).

Sun, through its Answer, has asserted the affirmative defenses of non-infringement, invalidity, and prosecution laches, as well as equitable defenses and unenforceability of the patent-in-suit.  On November 4, 2024, Sun gave notice to this Court of its appeal to the U.S. Court of Appeals for the Federal Circuit from the order preliminarily enjoining Sun's launch of Leqselvi™ (ECF No. 137).  Sun has filed an unopposed motion to expedite that appeal, requesting that oral argument be scheduled in February, March, or at the Federal Circuit's earliest convenience.

**2.      Have settlement discussions taken place?  Yes __X_____  No _____**

If so, when?  _If needed, the parties will provide more details at the initial Rule 16 conference.__

      (a)      What was plaintiff's last demand?

            (1)      Monetary demand: $ _____
            (2)      Non-monetary demand: _____

      (b)      What was defendant's last offer?

            (1)      Monetary offer:   $_____
            (2)      Non-monetary offer:  _____

**3.      The parties have [ _____ have not __X__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.**

The parties will exchange the information required by Rule 26(a)(1), in accordance with

the Federal Rules of Civil Procedure, on November 26, 2024.

**4.      Describe any discovery conducted other than the above disclosures.**

Not applicable.

**5.      Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.**

Not applicable.

**6.      The parties proposed the following:**

**(a)      Discovery is needed on the following subjects:**

*Plaintiffs' Discovery Topics:*

Incyte seeks to take discovery on at least the following subjects and topics:

i.      Defendants' decision to file an NDA with respect to Leqselvi™;

ii.      Defendants' knowledge of the '335 Patent prior to seeking approval from the FDA market and launch Leqselvi™;

iii.      Concert's decision to develop a deuterated version of Incyte's ruxolitinib compound;

iv.      Defendants' decision to acquire Concert, including any diligence related to the acquisition;

v.      the characteristics and properties of Leqselvi™;

vi.      the characteristics and proportions of Leqselvi™ related to the pharmacological similarity between the proposed deuruxolitinib product and Jakafi® (ruxolitinib);

vii.      Defendants' contentions that the patent-in-suit is invalid and not infringed by Leqselvi described in Defendants' NDA;

3

viii.    facts related to objective indicia of non-obviousness, including but not limited to any evidence supporting or refuting long-felt need for the inventions, skepticism, failure of others, or industry recognition;

ix.    the research and development directly related to Defendants' Leqselvi™ product;

x.    whether this case is exceptional under 35 U.S.C. § 285;

xi.    projected and/or anticipated sales, pricing, advertising, marketing plans, and analysis directly related to Leqselvi™;

xii.    manufacture, use, sale, offer for sale, and/or importation into the United States of Leqselvi™ or deuruxolitinib;

xiii.    all discovery regarding communications and correspondences to and from FDA related to Defendants' NDA, including but not limited to all amendments, supplemental filings, deficiencies, and deficiency responses;

xiv.    Defendants' promotional activities for Leqselvi™, including at the Fall Clinical held in Las Vegas October 24-27, 2024;

xv.    Facts, studies, investigations, and analyses relating to the validity, enforceability, infringement, or claimed priority dates of the '335 Patent;

xvi.    Evidence in support of each party's proposed claim constructions for the '335 Patent;

xvii.    The pharmacological and pharmacokinetic properties and other characteristics of Jakafi®, including its similarities to Leqselvi™;

xviii.    Facts related to actual or potential off-label use of Leqselvi™;

xix.    Facts related to Sun's attempts to commercialize Leqselvi™, including research, development, planned regulatory submissions, and financial or sales forecasts of any other Sun deuterated ruxolitinib product under development;

4

xx.    The competitive landscape for Jakafi®, Olumiant®, Leqselvi™;

xxi.    Agreements, including license agreements, relating to the subject matter of Sun's invalidated U.S. Patent No. 9,249,149;

xxii.    Facts, studies, investigations, and analyses relating Sun's patent application WO2023215520A1 directed to using deuruxolitinib for the same indications as Jakafi®; and

xxiii.    any additional discovery as may be required and/or identified during this litigation.

*Defendants' Discovery Topics:*

i.    The prosecution of the '335 Patent, including the circumstances surrounding Incyte's decision to seek claims to deuterated analogs of ruxolitinib;

ii.    The conception, reduction to practice, and diligence up to reduction of practice of the alleged invention claimed in the '335 Patent;

iii.    Incyte's knowledge, research, development, testing, and use of deuterated compounds, and decision to undertake the same;

iv.    Prior art related to the '335 Patent and the state of the art at the time of the critical date;

v.    Incyte's awareness of material prior art not submitted during the prosecution of the '335 Patent;

vi.    Facts related to objective indicia of obviousness or non-obviousness of the 335 patent, including but not limited to any evidence supporting or refuting long-felt need for the inventions, skepticism, failure of others, or industry recognition;

vii.    Facts, studies, investigations, and analyses relating to the validity, enforceability, infringement, or claimed priority dates of the '335 Patent;

viii.    Evidence in support of each party's proposed claim constructions for the '335 Patent;

5

ix.     The pharmacological and pharmacokinetic properties and other characteristics of Jakafi®, including its differences from Leqselvi™;

x.     Facts related to actual or potential off-label use of Leqselvi™ or Jakafi®;

xi.     Sales, profits, and other financials, including forecasts, related to Jakafi®, and forecasts related to Leqselvi™;

xii.     Facts related to Incyte's licensing of Olumiant® to Eli Lilly and its revenue streams therefrom, including Incyte's decision to license Eli Lilly;

xiii.     Facts related to Incyte's attempts to commercialize the alleged invention of the '335 Patent, including research, development, planned regulatory submissions, and financial or sales forecasts of Incyte's deuterated ruxolitinib product under development;

xiv.     The competitive landscape for Jakafi®, Olumiant®, Leqselvi™, and Incyte's product under development;

xv.     Any lost sale or lost opportunity to commercialize and/or sell products that Incyte contends it suffered as a result of the alleged infringement; and

xvi.     Agreements, including license agreements, relating to the subject matter of the '335 Patent; and

xvii.     Any additional discovery as may be required and/or identified during this litigation.

**(b)**     **Should discovery be conducted in phases?  If so, explain.**

The parties agree that discovery should not be conducted in phases.

**(c)**     **Number of Interrogatories by each party to each other party: <u>25 per side</u>**

**(d)**     **Number of Depositions to be taken by each party: <u>15 per side</u>**

<u>Fact Depositions</u>

Any depositions pursuant to Fed. R. Civ. P. 30(b)(6) are subject to the fact deposition time limitations set forth in this paragraph. Each fact deposition is limited to a maximum of seven (7)

6

hours of total questioning time unless extended by agreement of the parties or order of the Court upon a showing of good cause. If an interpreter is required at a deposition, the deposition may be extended to account for translation time not to exceed fourteen (14) hours on the record, unless extended by agreement of the Parties or order of the Court upon a showing of good cause. The translation time shall not count against the party's total deposition time.

To the extent a witness was not disclosed under Fed. R. Civ. P. 26(a) and was not deposed in the case but is allowed to testify at trial by the Court, that witness may be deposed between the time of his or her disclosure and trial in this matter, regardless of whether the taking Party has reached its maximum number of depositions hours and/or the fact discovery period is closed.

**Incyte's Position:** All fact depositions of parties or current employees thereof will occur in-person in the U.S., absent visa or public health travel restrictions or agreement of the parties and will proceed according to the Federal Rules of Civil Procedure and applicable Local Civil Rules and practices. If visa or public health travel restrictions prevent travel to the U.S., the parties will confer in good faith regarding a mutually agreeable deposition location outside the U.S. or by remote means.

**Sun's Position:** All fact depositions of U.S. based witnesses will occur either in-person or remotely in the U.S. The parties will confer in good faith regarding whether depositions of foreign witnesses may be conducted remotely, and if not, on a mutually agreeable location for such depositions. These discussions will take into account the convenience of and constraints on both the parties and the witnesses, including visa public health travel restrictions.

<u>Expert Depositions</u>

Each expert deposition is limited to a maximum of seven (7) hours of total questioning time unless extended by agreement of the parties or order of the Court upon a showing of good cause.

All expert depositions will occur in the U.S., absent visa or public health travel restrictions or agreement of the parties and will proceed according to the Federal Rules of Civil Procedure and applicable Local Civil Rules and practices. If visa or public health travel restrictions prevent travel to the U.S., the parties will confer in good faith regarding a mutually agreeable deposition location outside the U.S. or by remote means.

    **(e)**       **Plaintiff's expert reports due on** see Appendix.

    **(f)**       **Defendant's expert reports due on** see Appendix.

    **(g)**       **Motions to Amend or to Add Parties to be filed by** see Appendix**.**

    **(h)**       **Dispositive motions to be served within   *   days of completion of discovery.**  see Appendix.

    **(i)**       **Factual discovery to be completed by** see Appendix**.**

    **(j)**       **Expert discovery to be completed by** see Appendix**.**

    **(k)**       **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

The parties plan to submit a proposed Discovery Confidentiality Order to the Court. Until the Court enters a Discovery Confidentiality Order in this matter, the parties have been following and will continue to follow a temporary confidentiality procedure outlined and memorialized in emails between outside counsel in August 2024.

7. **Pursuant to Local Patent Rule 2.1(a), the parties report the following from the Rule 26(f) conference and subsequent discussions:**

    a. **Proposed modification of the obligations or deadlines set forth in these Local Patent Rules to ensure that they are suitable for the circumstances of the particular case (see L. Pat. R. 1.3);**

The parties have proposed extending certain Local Patent Rule deadlines by a few weeks in order to give the parties additional time, including in light of the expedited briefing schedule in the pending appeal of the Court's preliminary injunction order.

    b. **The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court;**

See Appendix.

    c. **The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

The parties will submit this information in a Joint Claim Construction and Prehearing Statement. See Appendix.

    d. **How the parties intend to educate the Court on the patent(s) at issue.**

At the Court's request, the parties provided the Court with a technology tutorial on September 16, 2024, in connection with the preliminary injunction proceedings. To the extent the Court would like additional information about the '335 Patent, the parties are happy to provide that via submissions to the Court and/or by a further technology tutorial presented at the Court's request.

    e. **The need for any discovery confidentiality order and a schedule for presenting certifications(s) required by L. Civ. R. 5.3(b)(6);**

As set forth in the Appendix, the parties shall jointly propose a Discovery Confidentiality Order on December 9, 2024.

9

f. **The availability and timing of production of invention records (including inventor laboratory notebooks and analytical test results)**

Incyte will produce invention records with its infringement contentions.  See Appendix.

g. **The date of conception and the date of reduction to practice for each patent asserted in the action, if applicable**

Incyte will provide the information required by the Local Patent Rules with its contentions.

h. **Each inventor's availability for deposition in the matter;**

Incyte is investigating the availability of inventors for deposition in this matter and do not currently expect undue difficulty in scheduling depositions.

i. **Availability of foreign witnesses for deposition and foreign documents;**

As Sun is based in India, the parties contemplate that they may need to depose foreign witnesses and/or produce foreign documents. The parties are investigating the availability of foreign witnesses and documents relevant to this proceeding and do not currently expect undue difficulty in scheduling depositions or obtaining documents.

j. **A date for substantial completion of document production and a method for determining compliance;**

See Appendix.

(l) **A pretrial conference may take place in <u>September 2026 (to be determined at the Court's convenience).</u>**

(m) **Trial by jury or non-jury Trial?**

Trial by jury.

(n) **Trial date: <u>beginning in October  2026 (subject to the Court's availability)</u>.**

8. **Do you anticipate any discovery problem(s)?  Yes \_\_\_\_\_  No \_\_X\_\_**

**If so, explain.** None at this time.

9. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?  Yes \_\_\_\_\_  No \_\_X\_\_**

**If so, explain.** None at this time.

10.     **State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

The parties do not believe this case is appropriate for voluntary arbitration, mediation, appointment of a special master, or other procedure, given the inherent complex nature of this patent litigation.  The parties, however, are open to discussing settlement at any appropriate time during litigation.  The parties propose meeting to discuss settlement at an appropriate time during fact discovery and reporting back the results of such discussions, as appropriate, to the Court.

11.     **Is this case appropriate for bifurcation?  Yes _____  No ___X___**

12.     **We [do _____ do not _____X_____] consent to the trial being conducted by a Magistrate Judge.**

Dated: November 18, 2024

Respectfully submitted,

*Of Counsel*:
Mark J. Feldstein, Ph.D. (*pro hac vice*)
Danielle A. Duszczyszyn, Ph.D. (*pro hac vice*)
Jason L. Romrell (*pro hac vice*)
Daniel F. Roland (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408.4000

M. David Weingartein, Ph.D. (*pro hac vice*)
Megan L. Meyers (*pro hac vice*)
Shannon M. Patrick (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP**
217 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
(404) 653.6449

Marta Garcia Daneshvar (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP**
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

J. Derek McCorquindale (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP**
1875 Explorer Street, Ste. 800
Reston, VA  20190-6023
(571) 203-2700

s/ William P. Deni, Jr.
William P. Deni, Jr.
Brugh J. Lower
Stephen R. Donat
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-10119
(973) 596-4853
wdeni@gibbonslaw.com
jlower@gibbonslaw.com
sdonat@gibbonslaw.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

s/ Gregory D. Miller
Gregory D. Miller
Timothy P. Gonzalez

**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Timothy.Gonzalez@rivkin.com


Josh A. Krevitt (admitted *pro hac vice)*
Charlotte Jacobsen (admitted *pro hac vice)*
Paul E. Torchia (admitted *pro hac vice)*
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
JKrevitt@gibsondunn.com
CJacobsen@gibsondunn.com
PTorchia@gibsondunn.com

*Attorneys for Defendants Sun
Pharmaceutical Industries Ltd. and Sun
Pharmaceutical Industries, Inc.*

13

**APPENDIX: PROPOSED CASE SCHEDULE**

| Event | Date |
|---|---|
| Rule 26(f) Conference (*See* ECF No. 77) | November 6, 2024 |
| Parties Submit Joint Discovery Plan (*See* ECF No. 77) | November 18, 2024 |
| Rule 16 Conference (*See* ECF No. 77) | November 20, 2024 |
| FRCP 26(a) Initial Disclosures (*See* FRCP 26(a)(1)(c)) | December 2, 2024 |
| Parties' Submission of Proposed Stipulated Discovery Confidentiality Order (*See* L. Pat. R. 2.2) | December 9, 2024 |
| Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions and Related Document Production (*See* L. Pat. R. 3.1 (a)-(h), 3.2 (a)–(g)) | December 18, 2024 |
| Defendants' Service of Invalidity Contentions and Related Document Production (*See* L. Pat. R. 3.3 (a)–(d), 3.4(a)–(d)) | February 14, 2025 |
| Defendants' Service of Non-Infringement Contentions and Related Document Production (*See* L. Pat. R. 3.2A(a)–(c)) | February 18, 2025 |
| Plaintiffs' Responses to Defendants' Invalidity Contentions (*See* L. Pat. R. 3.4A) | March 10, 2025 |
| Exchange of Proposed Terms of Construction (*See* L. Pat. R. 4.1(a), (b)) | March 31, 2025 |
| Exchange of Preliminary Claim Constructions and Supporting Intrinsic and Extrinsic Evidence (*See* L. Pat. R. 4.2(a)), or Notice to the Court that No Construction is Required | April 21, 2025 |
| Identification of Opposing Intrinsic and Extrinsic Evidence (*See* L. Pat. R. 4.2(c)) | May 5, 2025 |
| Joint Claim Construction and Prehearing Statement (*See* L. Pat. R. 4.3) | June 4, 2025 |
| Plaintiff and Defendants Substantially Complete Document Production | June 4, 2025 |

| Event | Date |
|---|---|
| Completion of Claim Construction Discovery (*See* L. Pat. R. 4.4) | July 3, 2025 |
| Opening Claim Construction Submissions (*See* L. Pat. R. 4.5(a)) | July 21, 2025 |
| Deadline for Parties to Move to Add Parties or Amend the Pleadings | August 19, 2025 |
| Close of Claim Construction Expert Discovery (*See* L. Pat. R. 4.5(b)) | August 20, 2025 |
| Responding Claim Construction Submissions (*See* L. Pat. R. 4.5(c)) | September 19, 2025 |
| Joint Proposal for Claim Construction Hearing (*See* L. Pat. R. 4.6) | October 7, 2025 |
| Close of Fact Discovery | November 20, 2025 |
| Opening Expert Reports | December 19, 2025 |
| Rebuttal Expert Reports | January 30, 2026 |
| Reply Expert Reports | March 6, 2026 |
| Completion of Expert Discovery | April 24, 2026 |
| Motion for Summary Judgment or Partial Summary Judgment | No later than May 8, 2026 |
| Opening *Daubert* Briefs | May 15, 2026 |
| Opposition *Daubert* Briefs | June 12, 2026 |
| Reply *Daubert* Briefs | July 10, 2026 |
| Pre-Trial Submissions | August 26, 2026 |

ii

| Event | Date |
| --- | --- |
| Pre-Trial Briefs or Proposed Findings of Facts and Conclusions of Law and *In Limine* | August 26, 2026 |
| Responsive Papers | September 9, 2026 |
| Pretrial Conference / Housekeeping Conference | September 2026 (To be determined at the Court's Convenience) |
| Jury Trial | October 2026 (subject to the Court's availability) |